**In the Matter of David Charles
JOHNSON.**

**No. 49S00–0206–DI–332.**

Supreme Court of Indiana.

Nov. 18, 2002.

*ORDER APPROVING STATEMENT OF
CIRCUMSTANCES AND CONDI-
TIONAL AGREEMENT FOR DIS-
CIPLINE*

Pursuant to Ind. Admission and Disci-
pline Rule 23, Section 11, the Indiana Su-
preme Court Disciplinary Commission and
the respondent have submitted for approv-
al a *Statement of Circumstances and Con-
ditional Agreement for Discipline* stipulat-
ing a proposed discipline and agreed facts
as summarized below:

**Facts:** The parties agree that the respon-
dent was charged with one count of Ob-
struction of Justice and one count of At-
tempted Obstruction of Justice as class D
felonies.  The obstruction charge arose
from the respondent failing to advise the
court that a witness adverse to his client,
who the court thought had failed to appear
for trial, was in fact present and waiting
outside the courtroom to be called to testi-
fy.  The attempted obstruction charge re-
sulted from the respondent soliciting a
court reporter to alter a transcript of court
proceedings in which the respondent ac-
knowledged his failure to advise the court
of the witness's presence.  The respondent
ultimately pled guilty to Obstruction of
Justice as a class D felony and the At-
tempted Obstruction of Justice charge was
dismissed.

**Violations:** The respondent violated Ind. Professional Conduct Rule 3.5(c), which prohibits an attorney from engaging in conduct that disrupts a tribunal; Prof. Cond.R. 8.4(b), which forbids an attorney from committing a criminal act that reflects adversely on the attorney's honesty, trustworthiness or fitness as a lawyer; and Prof.Cond.R. 8.4(d), which bars an attorney from engaging in conduct prejudicial to the administration of justice.

**Discipline:** Suspension from the practice of law for two (2) years, effective December 28, 2002, without automatic reinstatement thereafter.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.